## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KIRK N. KNOPEK,

       Plaintiff,

v.

CITY OF WARREN, and Warren Police
Officers C. WELLS, R. MCNEIL,
L. JOHNSON, and John Doe,
Individually and in their official capacity,

       Defendants.

Case No.
Hon.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
248-355-5555
d.dworetsky@fiegerlaw.com

## **COMPLAINT AND TRIAL BY JURY**

NOW COMES the Plaintiff, KIRK N. KNOPEK, by and through his

attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.,* and for his Complaint

against the above-named Defendants, states:

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and United States Constitution, Amendments XIV, deprivation of liberty without due process of law.

2.     This Court has jurisdiction of this cause under the provisions of United States Constitution, Amendments I, IV, V, VI, and XIV; Title 42 of the United States Code, § 1983; Title 28 of the United States Code, § 1331 and § 1343; and 3(a).

3.     Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 USC § 1367(a), over any and all state law claims that are related to the claims under the Michigan Constitution, Article 1, §§ 5, 6, 11, and 17 within the original jurisdiction of this Court as they form part of the same case or controversy.

4.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391.    Defendants reside and may be found in the Eastern

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

District of Michigan, and all of the events giving rise to these claims occurred in this district.

5.      That each and every act of the individual Defendants, as set forth herein, was perpetrated under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan and/or Federal law, and by virtue of, and under the authority of, the individual Defendants' employment with the City of Warren.

6.      That the amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. 1332, this action is otherwise within the jurisdiction of this Court.

## PARTIES

7.      Plaintiff, KIRK N. KNOPEK, is a citizen of the State of Michigan and resident of the City of Lapeer, Oakland County, Michigan.

8.      At all times relevant hereto, Defendant CITY OF WARREN was a municipal corporation, duly organized in carrying on governmental functions in the County of Macomb, State of Michigan, and one of the functions was to organize, operate, staff, train, and supervise police operations at the City of Warren Police Department.

9.      At all times relevant, Defendant, C. WELLS, was a citizen of the State of Michigan and was acting under the color of law within the

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

course and scope of his employment as a police officer employed by the City of Warren Police Department.

10.     At all times relevant, Defendant, R. MCNEIL, was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Warren Police Department.

11.     At all times relevant, Defendant, L. JOHNSON, was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Warren Police Department.

12.     At all times relevant, Defendant, John Doe, was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Warren Police Department.

13.     Defendant CITY OF WARREN is responsible for, and does in fact, hire, train, supervise, and instruct officers of all grades in the performance of their duties.

## COMMON ALLEGATIONS

14.    Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the allegations above, as though set forth fully and completely herein.

15.    On March 13, 2022, Plaintiff was a passenger in the back seat of a family member's vehicle driving through the City of Warren.

16.    At around 3:15 p.m., they noticed that they were being followed by a Warren Police vehicle and were pulled into a parking lot in front of a tool and dye shop on Nine Mile Road.

17.    When the traffic stop was initiated, there were two officers in the above-described Warren Police vehicle; however, soon thereafter, another Warren Police vehicle arrived at the scene with two additional officers.

18.    Upon information and belief, the Defendant, C. WELLS, informed the driver that they were pulled over because of an improper license plate on the vehicle.

19.    Upon information and belief, the driver told the Defendant, C. WELLS, she had just purchased the vehicle and insurance but had not purchased a plate.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

20.  Upon information and belief, Defendant WELLS then initiated an illegal search of the vehicle, and claimed that he found a piece of crack (cocaine) on the seat of the car.

21.  Upon information and belief, the Defendants then accused the vehicle occupants, including the Plaintiff, of buying drugs because they had "come from south of 8 Mile Road."

22.  Defendant C. WELLS then began to aggressively, and baselessly, accuse Plaintiff of having drugs in his possession, ordered him out of the vehicle, and placed the Plaintiff in handcuffs.

23.  Plaintiff was compliant and allowed the Defendants to cuff him behind his back, take his shoes off, and place him in the back of a police vehicle.

24.  Upon information and belief, after searching the vehicle for 30 minutes, the Defendants did not find any drugs in the vehicle.

25.  Plaintiff was then informed that he had a warrant for his arrest for a prior charge for driving on a suspended license.

26.  Defendant C. WELLS ordered Plaintiff to exit the vehicle and assume a standing position to initiate an illegal roadside body cavity search.

27.  Defendant C. WELLS put on blue gloves, and ordered Plaintiff to spread his legs and "just be quiet."

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

28.   Defendant C. WELLS proceeded to pull down and reach into Plaintiff's sweatpants, pull down and reach into Plaintiff's underwear, reached in grabbing Plaintif's buttocks, and then forcefully inserted his finger(s) into Plaintiff's anus, thereby performing an illegal roadside body cavity search of Plaintiff, for which he had no warrant and no justification for an exception to the requirement of a warrant.

29.   As Defendant WELLS continued his illegal roadside body cavity search, Plaintiff informed the Defendants that he was going to have a seizure, but the officer continued to penetrate him with two fingers.

30.   After the illegal roadside body cavity search, Plaintiff was placed back in the police vehicle, in severe pain.

31.   The Defendants took no action on Plaintiff's alleged warrant and let everyone leave with no arrests made, no car impounded, and no ticket(s) issued.

32.   At all times relevant hereto, Defendant, R. MCNEIL, L. JOHNSON, and John Doe Warren Police Officer, stood by and observed the unconstitutional use of excessive force and the illegal search and seizure of Plaintiff, by Defendant C. WELLS, and unlawfully failed to intervene to protect Plaintiff.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

33.     The conduct of the Defendants was and remains extreme and outrageous, subjecting them to punitive damages.

34.     Defendants, including John Doe Warren Police Officer, at all times relevant herein, were acting within the scope of their employment and/or under color of law as law enforcement officers, and unlawfully restrained the Plaintiff by excessive use of force, and the illegal search and seizure of Plaintiff.

## COUNT I
## 42 U.S.C § 1983-EXCESSIVE FORCE
## AGAINST DEFENDANT C. WELLS

35.     Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

36.     At all times relevant hereto, Defendant C. WELLS was acting under the color of state law and in his capacity as a City of Warren police officer, and his acts and/or omissions were conducted within the scope of his official duties and employment.

37.     Plaintiff had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force by law enforcement.

38.     Under all the circumstances known to Defendant, C. WELLS, the physical force used against Plaintiff was objectively unreasonable and clearly excessive when he opened/pulled down Plaintiff's sweatpants and

underwear, reached in and grabbed Plaintiff's buttocks, and then inserted his finger(s) into Plaintiff's anus, thereby performing an illegal roadside body cavity search of Plaintiff.

39.     Defendant, C. WELLS, violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

40.     At all times relevant hereto, and upon information and belief, Defendant, C. WELLS, had Plaintiff restrained in handcuffs, and Plaintiff was not resisting, (or in the alternative, legally resisting to an unlawful search/entry) and nonetheless Defendant, C. WELLS, used and continued to use an unjustified amount of force against Plaintiff.

41.     At all times relevant hereto, Plaintiff did not pose a threat to the safety of the Defendant, C. WELLS, or others.

42.     The misconduct of Defendant, C. WELLS, directly and proximately caused Plaintiff to suffer numerous injuries including, but not limited to:

  a. Physical pain and suffering;
  b. Severe and permanent feelings of fear, anger and guilt;
  c. Severe and continuing mental anguish and emotional depression;
  d. Fright and shock;
  e. Embarrassment, humiliation and/or mortification;

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

f.  Inability to experience social pleasures and enjoyment;

g.  Anxiety;

h.  Mental anguish;

i.  Emotional distress;

j.  Fright and shock;

k.  Economic loss;

l.  Punitive damages;

m.  Exemplary damages;

n.  Deprivation of his liberty;

o.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

p.  Reasonable expenses incurred for hospital, doctors, and other medical professionals and entities for medical and therapeutic services and treatment provided, past, present, and future;

q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r.  Any other damages allowed by law.

43.    As a direct and proximate result of the willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

44.    As a direct and/or proximate cause of the use of excessive force by Defendant, C. WELLS, Plaintiff, KIRK N. KNOPEK, sustained severe physical and emotional injuries amongst other injuries including, but not limited to compensatory damages, reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, and punitive damages.

45. The acts and/or omissions of Defendant, C. WELLS, were willful, wanton, reckless, malicious, oppressive, malicious and sadistically for the purpose of causing harm and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – ILLEGAL SEARCH AND SEIZURE)
## DEFENDANT C. WELLS

46. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

47. At all times relevant hereto, Defendant C. WELLS was acting under the color of state law and in his capacity as a City of Warren police officer, and his acts and/or omissions were conducted within the scope of his official duties and employment.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

48.     Plaintiff had the clearly established right under the Fourth and Fourteenth Amendment to be free from illegal searches and seizures by law enforcement.

49.     Under all the circumstances known to Defendant, C. WELLS, the seizure of Plaintiff was objectively unreasonable and clearly excessive when a reasonable person, including Plaintiff, believed that he was not free to leave where there was a threatening presence of several officers, the display of weapons by the officers, the use of language and/or tone of the officers' voices indicating that compliance with the officers' requests might be compelled, and that Plaintiff had been placed in handcuffs.

50.     Under all the circumstances known to Defendant, C. WELLS, the search conducted against the Plaintiff was objectively unreasonable and clearly excessive when Defendant, C. WELLS, opened/pulled down Plaintiff's sweatpants and underwear, reached in and grabbed Plaintiff's buttocks, and then inserted his finger(s) into Plaintiff's anus, thereby performing an illegal, roadside body cavity search of Plaintiff, for which he had no warrant and no justification for an exception to the requirement of a warrant.

51.     Defendant, C. WELLS, violated Plaintiff's clearly established right to be free from unreasonable search and seizure as guaranteed by the

Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

52.    At all times relevant hereto, and upon information and belief, Defendant, C. WELLS, had Plaintiff restrained in handcuffs, and/or Plaintiff was not resisting, and nonetheless Defendant, C. WELLS, continued to perform an illegal roadside body cavity search of Plaintiff.

53.    At all times relevant hereto, Plaintiff did not pose a threat to the safety of the Defendant, C. WELLS or others.

54.    As a direct and/or proximate cause of the illegal search and seizure by Defendant, C. WELLS, Plaintiff, KIRK N. KNOPEK, sustained severe physical and emotional injuries amongst other injuries including, but not limited to compensatory damages, reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, and punitive damages.

55.    As a direct and proximate result of the willful, wanton, reckless, malicious, oppressive conduct and/or conduct done with a conscious or reckless disregard for the constitutional rights of Plaintiff, (free from illegal search and seizure), Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

56.     The acts and/or omissions of Defendant, C. WELLS, were willful, wanton, reckless, malicious, oppressive, malicious, and sadistically for the purpose of causing harm and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff.  Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

### COUNT III
### 42 U.S.C § 1983 FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFF'S FOURTH OR FOURTEENTH AMENDMENT RIGHTS
### ALL DEFENDANTS

57.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

58.     Defendants had a duty to intervene when Defendant, C. Wells, was violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983, which in

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

effect, resulted in the infliction of excessive force, harm, and punishment upon Plaintiff, and an illegal search and seizure.

59.     Defendants observed and/or had reason to know that excessive force, harm, punishment, and an illegal search/seizure was being inflicted upon Plaintiff without a legitimate goal and/or justification.

60.     Defendants had the opportunity and means to prevent the excessive force and punishment, the illegal search and seizure, and/or violation of the rights of Plaintiff from occurring.

61.     Defendants were acting with deliberate indifference towards the above-described acts being inflicted upon Plaintiff, and as such, were the proximate cause of the injuries suffered by Plaintiff.

62.     The Defendants' foregoing failure to act, itself amounted to a constitutional violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

63.     As a direct and proximate result of the individually named Defendants' violation of Plaintiff's constitutionally protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to, the injuries and damages as outlined previously in this Complaint.

FEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT IV
## FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS, AND PRACTICES, AND FAILURE TO SUPERVISE – DELIBERATE INDIFFERENCE
## DEFENDANT, CITY OF WARREN

64.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

65.     Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant, CITY OF WARREN, owed Plaintiff certain duties to properly supervise, monitor, and train its officers to implement its policies and procedures concerning a possible roadside body cavity search and seizures.

66.     Defendant CITY OF WARREN breached these duties via its and/or absence thereof its policies, procedures, regulations, customs and/or lack of and/or inadequate training, and thus encouraged, tolerated, ratified, and has been deliberately indifference toward its citizens, and specifically Plaintiff, when Defendant:

a. Allowed/ratified the use of force and/or excessive force by its police officers;

b. Allowed/ratified the search and seizure conducted against the Plaintiff that was objectively unreasonable and clearly excessive;

c. Allowed/ratified the failure to properly exercise police powers including but not limited to the use of excessive force and/or the illegal search and seizure of its citizens;

d. Failed to adequately supervise and train its officers and agents, including the Individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

e. Failed to properly and adequately monitor and discipline its officers, including the Individual Defendants;

f. Allowed its police officers to use their status a police officers to coerce "consent" to search its citizens on the roadside;

g. Allowed Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

h. Failed to have its police officers follow established policies, procedures, directives, and instructions regarding gaining consent, searches of a citizen, the use of force, and the institution of a body cavity search under such circumstances as presented by this case;

i. Failed to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers;

j. Failed to properly and adequately investigate citizen complaints of police misconduct regarding arrests conducted without probable cause;

k. Allowed/ratified the illegal search of its citizens on the roadside;

l. Allowed/ratified the illegal seizure of its citizen on the roadside;

m. Allowed/ratified the illegal, warrantless, roadside body cavity search of its citizen; and

n. All other breaches learned through the course of discovery which are hereby adopted by reference.

67.   As a direct and proximate result of the willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, deprivation of his liberty in particular, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT V
## GROSS NEGLIGENCE/GROSS NEGLIGENCE PER SE
## ALL DEFENDANTS

68. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

69. At all times relevant hereto, pursuant to Michigan Law, Defendants, as officers employed by the City of WARREN, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff.

70. At all relevant times, Defendants were acting within the course and scope of their employment.

71. Defendants were acting within the scope of their employment, breached this duty, and were grossly negligent, as defined in MCL 691.1407(2)(c), when they acted so recklessly as to demonstrate a substantial lack of concern as to whether injury would result toward Plaintiff and with disregard for his health, safety, and constitutional and/or statutory rights, by doing the following:

    a.    Violation of MCL 764.25a, constituting gross negligence per se;

    b.    Violation of MCL 764.25b, constituting gross negligence per se;

c.   Using excessive force and punishment upon Plaintiff without a legitimate goal and/or justification, and having the opportunity and means to not use excessive force and punishment and/or violation of the rights of Plaintiff from occurring;

d.   Allowed/failed to intervene to prevent the search and seizure conducted against the Plaintiff that was objectively unreasonable and clearly excessive;

e.   Acting with reckless disregard for the physical safety of Plaintiff;

f.   Acting with a willful and/or wanton disregard for the safety of others, particularly, Plaintiff;

g.   Acting in a reckless and/or grossly negligent manner as contemplated in MCL 691.1407(8)(a);

h.   All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

i.   Any and all breaches that become known through litigation.

72.   As the direct and proximate result of the grossly negligent conduct of Defendants, Plaintiff suffered significant, serious, and permanent injuries, resulting in physical and emotional difficulties to date as outlined previously in this Complaint.

73.   As the direct and proximate result of the Defendants above-described breaches of duty and gross negligence, Plaintiff suffered serious and permanent injuries and damages including, but not limited to the injuries and damages as outlined previously in this Complaint.

74.    As a direct and proximate result of the grossly negligent conduct of Defendants, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously in this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT VI
## ASSAULT AND BATTERY
## AGAINST DEFENDANT C. WELLS

75.    Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

76.    At all times relevant hereto, Defendant, C. WELLS, made threatening statements and/or movements and/or actions creating within Plaintiff a well-founded fear of imminent peril and/or contact.

77.    Defendant, C. WELLS, had the apparent ability to carry out the act.

78.    Defendant, C. WELLS, did physically carry out the act when he conducted an illegal, warrantless, roadside body cavity search upon Plaintiff.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

79.     The misconduct of Defendant, C. WELLS, directly and proximately caused Plaintiff to suffer numerous injuries including, but not limited to the damages set forth previously in this Complaint.

80.     The assaults and batteries committed by Defendant, C. WELLS, were in direct violation of MCL 764.25a and MCL 764.25b.

81.     As a direct and proximate result of the misconduct of Defendant, C. WELLS, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously in this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT VII
## SEXUAL HARASSMENT
## (VIOLATION OF ELLIOTT-LARSON CIVIL RIGHTS ACT MCL 37.2101, *et seq)* - ALL DEFENDANTS

82.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

FEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

83. Defendant CITY OF WARREN is a/provides public service under the Michigan Elliott-Larson Civil Rights Act, MCL 37.2101 et seq. and MCL 37.2301.

84. Under the Michigan Elliott-Larson Civil Rights Act (CRA), MCL 37.2101 *et seq*, the Defendants are precluded from denying Plaintiff the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of a public service" on account of Plaintiff's sex.

85. As a result of the above actions and conduct, Plaintiff was denied the full and equal enjoyment of public services because of his sex and was subjected to unlawful "quid pro quo" sexual harassment as defined under MCL 37.2103(k)(*i*) & (*ii*), in direct violation of the Michigan CRA.

86. As a result of the above actions and conduct, Plaintiff was subjected to sexual harassment as defined under MCL 37.2103(k)(*iii*), to the point where said actions and conduct substantially interfered with Plaintiff's public accommodations, and public services, thereby creating an intimidating, hostile, and/or offensive public accommodations, and public services environment, in direct violation of Michigan CRA.

87.     That as a direct and proximate result of Defendants' actions, inactions, and conduct, Plaintiff suffered the numerous injuries and damages as more particularly described above, now and into the future.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

Respectfully submitted,

*/s/David A. Dworetsky*
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: November 30, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KIRK N. KNOPEK,

        Plaintiff,

v.

CITY OF WARREN, and Warren Police
Officers C. WELLS, R. MCNEIL,
L. JOHNSON, and John Doe,
Individually and in their official capacity,

        Defendants.

Case No.
Hon.

---

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
248-355-5555
d.dworetsky@fiegerlaw.com

---

## DEMAND FOR TRIAL BY JURY

Plaintiff, KIRK N. KNOPEK, by and through his attorneys, *FIEGER,*

*FIEGER, KENNEY & HARRINGTON, P.C.*, hereby demands a trial by jury

in the above-captioned matter.

{01536552.DOCX}

Respectfully submitted.

***Fieger, Fieger, Kenney & Harrington, P.C.***

*/s/ David A. Dworetsky*
By: David A. Dworetsky (P67026)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: November 30, 2023

{01536552.DOCX}                    2